UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11371-RWZ

OPHTHALMIC RESEARCH ASSOCIATES, INC.

v.

SARCODE CORPORATION

MEMORANDUM OF DECISION

May 22, 2013

ZOBEL, D.J.

Plaintiff Ora, Inc. ("Ora"), provides research and development services for firms creating new ophthalmic products. In its complaint, it alleges copyright infringement, breach of contract, trade secret misappropriation, and unfair competition by defendant SARcode Biosciences, Inc. ("SARcode").[1] SARcode now moves to dismiss for failure to state a claim.

**I. Background**[2]

In August 2008, Ora entered into a written contract to provide clinical

---

[1] Both Ora and SARcode have changed their names since this litigation began. Ora was formerly known as Ophthalmic Research Associates, Inc.; SARcode was formerly known as SARcode Corporation.

[2] As appropriate on a motion to dismiss, the facts here are given as alleged in the complaint. See Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 4 (1st Cir. 2011). Additional facts are drawn from several documents submitted by the parties, including redacted copies of the agreement between Ora and SARcode, a copy of the allegedly copyrighted work, and Ora's correspondence with the Copyright Office. The parties do not dispute the authenticity of these documents, and they are all either incorporated by reference in the complaint, central to Ora's claims, or otherwise proper for judicial consideration on a motion to dismiss. See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

development services for SARcode. Under that agreement, Ora gave SARcode a copy of a work called the "Drop Comfort Assessment." Ora claims that it has a valid copyright in the Drop Comfort Assessment, and that SARcode willfully violated that copyright by copying the work and distributing it to third parties.

Ora also provided SARcode with another work under the same agreement, this one titled "Procedure for Evaluating Corneal Staining With Fluorescein." Ora claims this second work was a trade secret that was designated as confidential information by the parties' agreement. It further alleges that SARcode unlawfully converted that trade secret to its own use. Ora therefore seeks damages for trade secret misappropriation, unfair competition, and breach of contract.

## II. Legal Standard

On a motion to dismiss, the court accepts as true all factual allegations contained in the complaint, but not legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court will then dismiss any count that fails to state a plausible claim upon which relief can be granted. Id.

## III. Analysis

### A. Copyright Infringement

Count I of Ora's complaint seeks damages for copyright infringement, claiming that SARcode infringed its Drop Comfort Assessment. Ora has submitted a copy of that work to the court. See Docket # 21 (Opp.), Ex. B. In brief, the work begins with a title reading "Subject Reported Drop Comfort." That title is followed by a single sentence of instructions, reading "Drop comfort will be assessed for each eye immediately, and at 1,

2 and 3 minutes following initial dosing at Visit 2, 3, 4 & 5." Underneath the instructions is a scale marked with the integers from 0 to 10; the zero is marked with an arrow and a label reading "very comfortable," while the ten is marked with another arrow and a label reading "very uncomfortable."

SARcode argues that this work does not contain the minimum originality required to support a valid copyright. It also argues that the work is an uncopyrightable procedure, and that any expression in the work is merged with the underlying idea.

To state a claim for copyright infringement, a plaintiff must allege facts showing two essential elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). Here, the parties contest whether the first element has been satisfied. Normally, a plaintiff establishes ownership of a valid copyright by presenting a certificate of copyright, which "constitutes prima facie evidence of ownership and originality of the work as a whole." Johnson v. Gordon, 409 F.3d 12, 17 (1st Cir. 2005). "Upon the plaintiff's production of such a certificate, the burden shifts to the defendant to demonstrate some infirmity in the claimed copyright." Id.

Ora applied for a certificate of copyright over its Drop Comfort Assessment, but that application was rejected by the Copyright Office. Docket # 15 (Bal Aff.), Ex. B.[3] Ora has requested reconsideration of that decision, Opp. Ex. C, but apparently no action has yet been taken. Because Ora has not presented a certificate of copyright over the

---

[3] Because Ora's application for copyright on the Drop Comfort Assessment was rejected by the Copyright Office, Ora cannot sue for infringement of that work without serving notice and a copy of the complaint on the Register of Copyrights. 17 U.S.C. § 411(a). Ora does not allege that it has properly served the Register. That failure provides an independent reason to dismiss the claim for infringement of the Drop Comfort Assessment.

work or alleged that such a certificate exists, the burden remains on Ora to allege facts showing that it owns a valid copyright over the Drop Comfort Assessment.

Both the Constitution and the Copyright Act require that a work must be original to qualify for copyright. See U.S. Const. art. I, § 8, cl. 8; 17 U.S.C. § 102(a); Feist, 499 U.S. at 345-47, 355-60. To be original, a work must possess "at least some minimal degree of creativity." Feist, 499 U.S. at 345. That originality requirement "is not particularly stringent," and the vast majority of works pass muster. Id. at 358-59. But "[t]here remains a narrow category of works in which the creative spark is utterly lacking or so trivial as to be virtually nonexistent. Such works are incapable of sustaining a valid copyright." Id. at 359 (citations omitted).

In Feist, the Supreme Court considered whether the listings in a standard telephone directory possessed the minimal creativity required for copyright protection.[4] It began by noting that the underlying facts compiled in the directory—the names, addresses, and telephone numbers—were "uncopyrightable facts" that could not be protected by copyright. Id. at 361. Therefore, the only question was whether the plaintiff had expressed those listings in some manner deserving of copyright: i.e., whether the plaintiff "selected, coordinated, or arranged these uncopyrightable facts in an original way." Id. at 362. The court concluded that a simple alphabetical listing by surname did not meet the minimum level of creativity required for copyright. Id. at 362-64.

Ora faces the same difficulty here. It cannot copyright the underlying idea of

---

[4] In fact, the original directory at issue in Feist "contain[ed] some foreword text, as well as original material in its yellow pages advertisements," making the work as a whole copyrightable. 499 U.S. at 361. The Court therefore was only concerned with the protectibility of the listings that were actually copied. Id. at 361-62.

4

measuring a subject's reported drop comfort as assessed at various times. See 17 U.S.C. § 102(b) ("In no case does copyright protection . . . extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery . . . ."); see Harney v. Sony Pictures Television, 704 F.3d 173, 181 (1st Cir. 2013) (noting "the separation drawn by copyright law between protected expression and unprotected ideas").[5] If Ora is to show its work is original, it must show that its protectable expression—the means that it has chosen to convey the underlying idea—involves some minimal creativity.

It cannot meet that burden here. Ora's work consists solely of a four-word title stating what its procedure seeks to measure; a one-sentence instruction explaining the procedure; and a scale from zero to ten for recording the results of the procedure. Like the telephone book in Feist, the work only "publishes the most basic information" about the procedure it explains. 499 U.S. at 362. Although Ora chose the exact thirty words used to describe the procedure, and the zero-to-ten scale, those functional decisions "lack[] the modicum of creativity necessary to transform mere selection into copyrightable expression." Id.; see CMM Cable Rep, Inc. v. Ocean Coast Props., 97 F.3d 1504, 1520 (1st Cir. 1996) ("phraseology" that is "inescapably functional" is not protected). Ora likewise showed no originality in the coordination and arrangement of its work. The title is simply bolded, underlined, and left-aligned; the one sentence of instructions appears left-aligned in roman type directly underneath the title, and the

---

[5] This principle underlies SARcode's argument that Ora's work is an uncopyrightable procedure. SARcode is correct that Ora cannot copyright the procedure that Ora's work describes; only the particular expression describing that procedure, not the underlying procedure itself, is potentially copyrightable. See Baker v. Selden, 101 U.S. 99, 104-05 (1879).

zero to ten scale appears bolded and centered below that. Like the alphabetical listing of subscriber names in a telephone directory, this formatting is so commonplace as to be "practically inevitable." Feist, 499 U.S. at 363.

Moreover, even if Ora's work did show some minimal creativity, copyright would still be barred by the merger doctrine. That doctrine recognizes that "[s]ome ideas admit of only a limited number of expressions." Concrete Mach. Co. v. Classic Lawn Ornaments, Inc., 843 F.2d 600, 606 (1st Cir. 1988). "When there is essentially only one way to express an idea, the idea and its expression are inseparable and copyright is no bar to copying that expression." Id. Under those circumstances, the idea and its expression merge; allowing a party to copyright the expression would allow it to control the underlying idea, which copyright doctrine will not allow. See Morrissey v. Procter & Gamble Co., 379 F.2d 675, 678-79 (1st Cir. 1967). Thus, for instance, the First Circuit has held that the merger doctrine bars a party from copyrighting the rules for a promotional sweepstakes. Id.; see also CMM Cable, 97 F.3d at 1522 (finding the "standard 'how to' features of a direct mail radio promotion" uncopyrightable). Even though technically speaking there are many ways to express the same sweepstakes rules, the practical range is sufficiently limited that "the subject matter would be appropriated by permitting the copyrighting of its expression." Morrissey, 379 F.2d at 679.

The merger doctrine clearly applies here. One could theoretically express Ora's drop comfort assessment procedure in an infinite number of ways: for instance, the instructions could say to assess each eye at "one, two, and three minutes," or at "60,

120, and 180 seconds," or at "one-sixtieth, two-sixtieths, and three-sixtieths of an hour," and so on. But practically speaking, a copyright on Ora's one-sentence description of its procedure and the standard zero-to-ten scale would give Ora control over the procedure itself. The merger doctrine will not permit that result.[6]

Finally, Ora has submitted a second work incorporating the Drop Comfort Assessment into a compilation that includes descriptions and scales for several other procedures. Opp. Ex. D.  Ora has also provided a certificate of copyright over that second work. Id. But the complaint does not allege that SARcode copied this second work; it alleges only that SARcode copied the Drop Comfort Assessment. For the reasons given above, the Drop Comfort Assessment itself does not contain protectible expression, even if SARcode copied it from a larger work that does contain such expression. See Feist, 499 U.S. at 361-64 (finding no infringement where the defendant copied only unprotectable material from a copyrighted work).

Count I must therefore be dismissed.

**B.  Copyright Notice Removal**

Count II of the complaint charges SARcode with liability under 17 U.S.C. § 506(d) for removing Ora's copyright notice from its work. SARcode moves to dismiss this count on the ground that 17 U.S.C. § 506(d), a criminal statute, does not imply a private right of action. Ora does not oppose that part of SARcode's motion, and so Count II is dismissed.

---

[6] I therefore need not decide whether the work is also uncopyrightable as a blank form, an issue that the parties have not briefed. See 37 C.F.R. § 202.1(c) (stating that blank forms, "which are designed for recording information and do not in themselves convey information," are uncopyrightable.).

**C. Trade Secret and Unfair Competition Claims**

Counts III, IV, and V of the complaint raise three claims under Massachusetts law: trade secret misappropriation, unfair competition, and unfair or deceptive business practices. SARcode moves to dismiss these three counts on the ground that California law rather than Massachusetts law should apply.

The first step in deciding what law should apply is "to determine whether there is a conflict between the substantive laws of the interested jurisdictions." Millipore Corp. v. Travelers Indem. Co., 115 F.3d 21, 29 (1st Cir. 1997). If there is no such conflict, then the court may simply bypass the choice of law question. See Okmyansky v. Herbalife Int'l of Am., 415 F.3d 154, 158 (1st Cir. 2005).

Here, SARcode has pointed to several substantive differences between the relevant laws of California and Massachusetts. Most obviously, California has enacted a version of the Uniform Trade Secrets Act ("UTSA"); Massachusetts has not.[7] Under California's UTSA, claims for unfair competition are displaced when they rely on allegations of trade secret misappropriation. See K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, 90 Cal. Rptr. 3d 247, 261 (Ct. App. 2009). Thus, Ora apparently cannot press its unfair competition claims under California law. Moreover, the California UTSA caps exemplary damages for trade secret misappropriation at twice the amount of compensatory damages, see Cal Civ. Code § 3426.3(c), and it also allows a

---

[7] Massachusetts is one of only three states not to have adopted the UTSA; the other two are New York and North Carolina. See Unif. Law Comm'n, Legislative Fact Sheet - Trade Secrets Act, http://www.uniformlaws.org/LegislativeFactSheet.aspx?title=Trade%20Secrets%20Act (last visited May 20, 2013). I note that a bill to adopt the UTSA is currently pending before the Massachusetts legislature. See id.

defendant to recover attorney's fees and costs in certain circumstances, id. § 3426.4.[8] Massachusetts has no comparable statutory provisions. Given these substantive differences between Massachusetts and California law, I must decide which one governs here.

A federal court applies the choice of law analysis of the forum state—here, Massachusetts. Reicher v. Berkshire Life Ins. Co. of Am., 360 F.3d 1, 4 (1st Cir. 2004). Massachusetts applies a flexible, functional approach to the choice of laws, seeking to "respond[] to the interests of the parties, the States involved, and the interstate system as a whole." Id. at 5 (quoting Bushkin Assocs. v. Raytheon Co., 473 N.E.2d 662, 668 (Mass. 1985)). The Supreme Judicial Court has looked to "various choice-influencing considerations," including the seven factors laid out in section 6(2) of the Restatement (Second) of Conflict of Laws,[9] and the "parallel" five factors laid out by R.A. Leflar in American Conflicts Law.[10] Bushkin Assocs., 473 N.E.2d at 668-70. With respect to a tort claim, the Second Restatement further indicates that the law of the state with the

---

[8] SARcode also argues that Ora is required under California law to identify its alleged trade secrets with reasonable particularity before it can proceed with discovery. See Cal. Civ. Proc. Code § 2019.210. The federal district courts in California have split over whether that rule applies in federal court, and the Ninth Circuit has not yet resolved the issue. See Social Apps, LLC v. Zynga, Inc., 2012 WL 2203063, at *1-3 (N.D. Cal. June 14, 2012) (collecting cases). I need not decide that issue now; however, I note there is apparently a growing consensus that the rule does apply. See id.

[9] Those seven factors are: "(a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability, and uniformity of result, and (g) ease in the determination and application of the law to be applied." Restatement (Second) of Conflict of Laws § 6(2) (West 2012). Of course, "[i]t is not suggested that this list of factors is exclusive." Id. cmt. c.

[10] Those five factors are (a) predictability of results; (b) maintenance of interstate and international order; (c) simplification of the judicial task; (d) advancement of the forum's governmental interests; and (e) application of the better rule of law. See Reicher, 360 F.3d at 5.

"most significant relationship" should apply; in making that determination, relevant contacts include "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." Restatement (Second) of Conflict of Laws § 145. Finally, the comments to that section of the Second Restatement indicate that in a trade secret misappropriation case, "the principal location of the defendant's conduct is the contact that will usually be given the greatest weight." Id. cmt. k.

It is obviously difficult to apply the fact-intensive test above when the only facts available are those alleged in the complaint. But on the present record, it appears that California rather than Massachusetts law should apply to Ora's claims. First, the conduct causing the alleged injury apparently occurred in California, SARcode's principal place of business. See Docket # 1 (Compl.) ¶¶ 3, 29-31. Following the Second Restatement, I find that contact weighs heavily here, since California has a strong interest in regulating the conduct of its businesses and protecting them from unreasonable trade restraints. Conversely, although Ora is based in Massachusetts and it felt the alleged injury there, that state apparently has "only a slight relationship to the defendant's activities." Restatement (Second) of Conflict of Laws § 145, cmt. f. Although Massachusetts certainly has an interest in protecting its own businesses' trade secrets, that interest is weaker when (as here) the Massachusetts business has voluntarily shared its trade secrets with interstate business partners. See Compl. ¶¶ 26.

Most importantly, I find that predictability, the protection of justified expectations, and ease of adjudication weigh strongly in favor of applying California law to Ora's claims. Although the complaint does not provide facts showing where the parties' business relationship was centered, their contractual relationship is explicitly governed by California law. Bal Aff. Ex. C. That fact clearly implies an expectation that California law should regulate the parties' commercial interactions. Moreover, as described below, Ora has conceded that its breach of contract claim must rest on California law. That does not entirely preclude the application of Massachusetts law to Ora's tort claims, see Kitner v. CTW Transport, Inc., 762 N.E.2d 867, 871-72 (Mass. App. Ct. 2002), but it does mean that applying California law throughout will improve predictability and ease of adjudication.

Because it appears California law should govern, Ora's trade secret and unfair competition claims under Massachusetts law are dismissed. Ora may amend its complaint either to allege these claims under California law, or to add substantial new factual allegations showing Massachusetts law should apply.

### D. Breach of Contract

Finally, Count VI pleads a breach of contract claim under Massachusetts law. But Ora concedes that its contract with SARcode is expressly governed by California law. See Bal Aff. Ex. C. Ora will therefore amend its complaint to assert a breach of contract claim under California law.

### IV. Conclusion

SARcode's motion to dismiss (Docket # 13) is ALLOWED. The complaint is

DISMISSED with leave to amend.

Ora's motion for an extension of time (Docket # 20) is ALLOWED.

|  |  |
|---|---|
| May 22, 2013 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |